The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOEL SACKS, in his official capacity as the Director of the Department of Labor & Industries of the State of Washington, and the DEPARTMENT OF LABOR & INDUSTRIES of the State of Washington,<br><br>Defendants. | No. 2:22-cv-01404-JCC<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTIONS CALENDAR: January 6, 2023** |

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC
4870-7795-2070v.2 0051461-005031

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. LEGAL ARGUMENT............................................................................................1

    A. Amazon Has Standing to Challenge WISHA's Abatement Procedures. ..............1

        1. Plaintiffs Need Not Exhaust Unconstitutional Processes. .......................1

        2. L&I's Prejudice Argument Does Not Defeat Standing. ..........................2

    B. L&I's Attack on Amazon's As-Applied Challenge Lacks Merit. .......................3

        1. L&I's Arguments Do Not Defeat Amazon's Showing of a Sufficient Property Interest under the First *Mathews* Factor. ...................3

        2. L&I's Arguments Do Not Defeat Amazon's Showing of a Risk of Erroneous Deprivation under the Second *Mathews* Factor.......................5

            a. Denying a Stay Request Due to Late Employee Notice Increases the Risks of Error. ..........................................................5

            b. The Supposed Safeguards Are Inadequate. ................................6

            c. WISHA's Stay Procedures Do Not Comport with Due Process. ......................................................................................6

        3. L&I's Analysis of the Third *Mathews* Factor Is Also Flawed..................8

    C. L&I's Opposition to Amazon's Facial Challenge Also Fails. ...........................10

    D. L&I's Response to Amazon's Substantive Due Process Challenge Fails. .........11

III. CONCLUSION.....................................................................................................12

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bd. of Regents of State Colls. v. Roth*,
　408 U.S. 564 (1972)..................................................................................................4, 9

*City of Los Angeles, Calif. v. Patel*,
　576 U.S. 409 (2015)................................................................................................10, 11

*Clapper v. Amnesty Int'l USA*,
　568 U.S. 398 (2013).......................................................................................................2

*D.L. v. Unified School District No. 497*,
　596 F.3d 768 (10th Cir. 2010) .......................................................................................2

*Doe #1 v. Trump*,
　957 F.3d 1050 (9th Cir. 2020) .....................................................................................11

*Gen. Elec. Co. v. Jackson*,
　595 F. Supp. 2d 8 (D.D.C. 2009) ...................................................................................4

*Jackson v. St. Charles Par. Hous. Auth. Bd. of Comm'rs*,
　441 F. Supp. 3d 341 (E.D. La. 2020) .............................................................................2

*Jones v. Cavazos*,
　889 F.2d 1043 (11th Cir. 1989) .....................................................................................2

*Knick v. Twp. of Scott*,
　139 S. Ct. 2162 (2019)...................................................................................................1

*Mathews v. Eldridge*,
　424 U.S. 319 (1976)...............................................................................................3, 5, 8

*Mohamed v. Holder*,
　995 F. Supp. 2d 520 (E.D. Va. 2014) ............................................................................1

*Mwimanzi v. Wilson*,
　590 F. Supp. 3d 231 (D.D.C. 2022) .............................................................................10

*Patsy v. Bd. of Regents of State of Fla.*,
　457 U.S. 496 (1982).......................................................................................................1

*Pucket v. Hot Springs School District No. 23-2*,
　526 F.3d 1151 (8th Cir. 2008) .......................................................................................2

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Swanson v. Worley*,
 490 F.3d 894 (11th Cir. 2007) ...................................................................................................2

*Taylor v. FDIC*,
 132 F.3d 753 (D.C. Cir. 1997) ....................................................................................................2

*Tennessee Valley Authority v. Whitman*,
 336 F.3d 1236 (11th Cir. 2003) ..............................................................................................7, 8

*Van Ort v. Estate of Stanewich*,
 92 F.3d 831 (9th Cir. 1996) ........................................................................................................3

*Vilchez v. Holder*,
 682 F.3d 1195 (9th Cir. 2012) ....................................................................................................3

*W. & A.R.R. v. Henderson*,
 279 U.S. 639 (1929) ..................................................................................................................12

*YCS Investments v. United States Fish and Wildlife Service*,
 833 F. App'x 712 (9th Cir. 2021) ...............................................................................................2

*Zinermon v. Burch*,
 494 U.S. 113 (1990) ................................................................................................................6, 9

**State Cases**

*Mansour v. King County*,
  131 Wn. App. 255 (2006) ..........................................................................................................9

*In Re: Duling Enters., LLC DBA Stuffy's II Rest.*,
 2022 WL 3650260 (Wash. Bd. Ind. Ins. App. July 20, 2022) ...................................................1

*Yakima Cnty. Clean Air Auth. v. Glascam Builders, Inc.*,
 85 Wn.2d 255 (1975) .................................................................................................................1

**Federal Statutes**

42 U.S.C. § 1983 .................................................................................................................1, 2, 3

**State Statutes**

RCW 7.16.040 ................................................................................................................................6

Chapter 42.56 RCW .......................................................................................................................8

RCW 49.17.130 ..............................................................................................................................9

RCW 49.17.140 .....................................................................................................................7, 9, 10

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**Rules**

Fed. R. Evid. 407 ........................................................................................................................12

Wash. Civ. R. 65 ..........................................................................................................................9

**Regulations**

WAC 263-12-059.............................................................................................2, 3, 7, 10

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- iv

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

None of the arguments advanced by L&I in opposition to Amazon's Motion for Summary Judgment creates a genuine dispute of material fact. L&I merely recites the same flawed arguments it advanced in its Motion to Dismiss [Dkt. 10]. Because WISHA's pre-hearing abatement requirement and its perfunctory stay procedures violate the Due Process Clause of the Fourteenth Amendment by permanently depriving employers of substantial property (here, tens of millions of dollars in abatement costs) before giving them a meaningful opportunity to challenge the government's claims, the Court should grant Amazon's Motion for Summary Judgment and issue appropriate declaratory relief.

## II. LEGAL ARGUMENT

### A. Amazon Has Standing to Challenge WISHA's Abatement Procedures.

#### 1. Plaintiffs Need Not Exhaust Unconstitutional Processes.

According to L&I, for Amazon to have standing to challenge WISHA's pre-hearing abatement obligation and stay regime, Amazon must first exhaust the entire unconstitutional process and receive an adverse decision on the merits of its stay request. *See* Dkt. 19 at 9. L&I is wrong.

"[T]he general rule [is] that federal courts cannot require exhaustion under § 1983." *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 512 (1982); *see also Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019). One reason for this rule is that administrative tribunals, like the Board, lack authority to address due process challenges to the regimes they administer. *See Yakima Cnty. Clean Air Auth. v. Glascam Builders, Inc.*, 85 Wn.2d 255, 257 (1975) ("An administrative tribunal is without authority to determine the constitutionality of a statute."); *In Re: Duling Enters., LLC DBA Stuffy's II Rest.,* 2022 WL 3650260, at *5 (Wash. Bd. Ind. Ins. App. July 20, 2022) ("[t]he Board does not have authority to address constitutional issues"). There are thus no efficiencies to be gained by requiring a party challenging the constitutionality of an administrative regime to submit to the same unconstitutional procedures it seeks to invalidate as violating the Due Process Clause. *See Mohamed v. Holder*, 995 F. Supp. 2d 520, 533 (E.D. Va. 2014) ("administrative

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

remedies are almost always inadequate to address procedural due process challenges to those remedies"); *Jackson v. St. Charles Par. Hous. Auth. Bd. of Comm'rs*, 441 F. Supp. 3d 341, 353 (E.D. La. 2020) ("it is well-established that § 1983 claims do not require exhaustion of state administrative or judicial remedies."). Here, Amazon's Complaint challenges the constitutionality of WISHA's entire stay of abatement process, including the Board's policy of reflexively denying stay requests because an employer provided employees with late notice of the appeal. *See* Dkt. 1 at 8, ¶ 29. Because the Board lacks jurisdiction to decide constitutional issues, *see* Dkt. 13-1 at 236, 248-49, exhaustion of state administrative procedures is not required, and Amazon has standing. Dkt. 28 at 10-13.[1]

### 2. L&I's Prejudice Argument Does Not Defeat Standing.

L&I argues that Amazon cannot show it was prejudiced by WISHA's stay of abatement procedures because Amazon's late compliance with the employee notice provision breaks the chain of causation. Dkt. 19 at 10.[2] But L&I ignores the fact that Amazon challenges not just the perfunctory stay procedures but also the rule requiring automatic denial of a stay if an employer

---

[1] The few cases upon which L&I relies are inapposite. *See*, *e.g.*, Dkt. 28 at 13 (distinguishing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)). In *Swanson v. Worley*, 490 F.3d 894, 896-97 (11th Cir. 2007), a plaintiff had standing to challenge a voter signature requirement because the injury—omission from a general ballot—was traceable to non-compliance with that provision. *Id.* at 903 n.10. Here, Amazon challenged the entire stay regime, not just the Board's application of WAC 263-12-059(4). But if that provision were all Amazon had challenged, then, as in *Swanson*, Amazon would still have standing because that provision contributed to the denial of a meaningful opportunity to challenge L&I's allegations before being permanently deprived of property. In *Jones v. Cavazos*, 889 F.2d 1043, 1047 (11th Cir. 1989), the court found that where the plaintiff admitted her only defense was the statute of limitations, the plaintiff's injury—a tax refund offset to repay student loans—was not traceable to the government's failure to provide a notice listing all possible defenses, nor was it traceable to her failure to timely request an administrative hearing. *YCS Investments v. United States Fish and Wildlife Service*, 833 F. App'x 712 (9th Cir. 2021), is a short, unpublished decision that also has nothing to do with the issues presented here. In *YCS*, the court held that the plaintiff lacked standing to challenge an Incidental Take Permit for the bay checkerspot butterfly because nothing prevented YCS from conserving the butterfly on its own land. *Id.* at 713. *D.L. v. Unified School District No. 497*, 596 F.3d 768, 775 (10th Cir. 2010), and *Pucket v. Hot Springs School District No. 23-2*, 526 F.3d 1151, 1162-63 (8th Cir. 2008), are also distinguishable because in those cases, the plaintiffs never asked the government to grant them the relief they sought. Conversely, Amazon sought a stay of abatement, cured the employee notice defect, and then sought reconsideration. And in *Taylor v. FDIC*, 132 F.3d 753, 766-67 (D.C. Cir. 1997), the court held that the plaintiffs lacked standing to assert a claim for reinstatement because they quit voluntarily to pursue employment elsewhere. The facts of *Taylor* have nothing to do with this case.

[2] L&I's related argument that Amazon's injury is "self-inflicted" lacks merit for the additional reasons already set out in Amazon's Opposition to L&I's Motion to Dismiss. *See* Dkt. 28 at 11-13.

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

posts notice late (WAC 263-12-059(4)).  Dkt. 1 at 8, ¶ 29.  Furthermore, L&I concedes that the Board's application of the rule affected the outcome, prejudicing Amazon.  *See* Dkt. 10 at 13 (admitting that if Amazon had posted the employee notice by April 18, then "the Board would have considered the merits …, and Amazon could have received a stay").

The cases L&I cites are inapposite.  *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 833-34 (9th Cir. 1996), involved a § 1983 suit against a county for negligent supervision and hiring after an officer attempted to rob the plaintiffs on his day off.  Because the county could not have foreseen that the officer would "become a free-lance criminal," his private conduct broke the chain of causation (i.e., he was not acting under color of state law), and the court granted judgment as a matter of law after trial.  *Id.* at 837.  Nothing remotely analogous happened here.  *Vilchez v. Holder*, 682 F.3d 1195 (9th Cir. 2012), also provides no assistance to L&I.  The plaintiff there alleged that his due process rights were violated in part because a video conference compromised his credibility in a removal proceeding.  *Id.* at 1199-1200.  But because the immigration judge did not make an adverse credibility determination, the court found that the plaintiff could not show that the hearing outcome would have been any different had it been conducted via live testimony.  *Id*.  Unlike Amazon here, the plaintiff in *Vilchez* could not show that he was prejudiced by the procedures he challenged.

**B.    L&I's Attack on Amazon's As-Applied Challenge Lacks Merit.**

**1.    L&I's Arguments Do Not Defeat Amazon's Showing of a Sufficient Property Interest under the First *Mathews* Factor.**

The first *Mathews* factor looks to whether a substantial property interest is at stake.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Again, focusing myopically on the employee notice requirement, L&I attacks Amazon's property interest by arguing that Amazon failed to allege any costs associated with posting employee notice under WAC 263-12-059(2).  Dkt. 19 at 11. But the relevant costs are not posting costs; they are the millions of dollars Amazon must spend to comply with L&I's abatement requirements because WISHA's stay of abatement procedures deprived it of a meaningful opportunity to contest the prehearing abatement obligations.  *See* Dkt. 1 at 11-12, ¶¶ 40-43; 15-16, ¶¶ 52-54; Dkt. 12 at 12-14; Dkt. 16 at 6-7.  L&I

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

concedes that these "costs can be a property interest" for purposes of a due process claim. Dkt. 19 at 11.

L&I next claims that Amazon's abatement costs are not "substantial" for two reasons. First, L&I's witnesses speculate that the amount is less than $25 million but, tellingly, do not offer their own estimate nor do they deny that abatement might cost upwards of tens of millions of dollars. *See* Dkt. 19 at 23 n. 8. Further, that argument does not create a dispute of material fact. L&I has already conceded that Amazon faces a permanent deprivation of protected property, whether that is $25 million or half or a third of that.

Second, L&I complains that Amazon has not alleged that the millions of dollars in costs are so weighty as to impose any "economic hardship" or "jeopardize [its] … long-term profitability and competitiveness." Dkt. 19 at 12, 21-22, 23-24. But as in its Motion to Dismiss, L&I conflates what constitutes a substantial property interest for purposes of the Due Process Clause with what the government must show to prove that feasible means of abatement exist. *See* Dkt. 28 at 16. These are separate, unrelated inquiries. If it were otherwise, then larger companies better able to absorb costs of abatement would be afforded less due process than smaller ones even though the protected property interest is the same. That is not the law. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 570-71 (1972) ("to determine whether due process requirements apply…, [courts] look not to the 'weight' but to the nature of the interest at stake."). *See also* Dkt. 28 at 16.

L&I's argument that financial costs constitute "minimal" property interests also fails. Dkt. 19 at 22-24. Although courts sometimes find that financial deprivations are less troubling than others, it is often because the money is taken temporarily or can be recouped after a reasonably prompt post-deprivation hearing. *See Gen. Elec. Co. v. Jackson*, 595 F. Supp. 2d 8, 30 (D.D.C. 2009), *aff'd*, 610 F.3d 110 (D.C. Cir. 2010) (citing *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003)). Here it is undisputed that even if Amazon ultimately prevails at the merits hearing, Amazon will be unable to recoup the tens of millions of dollars it will have spent to implement L&I's abatement measures. *See* Dkt. 19 at 22 (prehearing abatement costs are "nonrefundable.")

L&I's final argument, that it is "willing to accept Amazon's full implementation of the

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

company's own ergonomic plan" and that "[n]othing in L&I's abatement suggestions require Amazon to redesign its warehouse," is disingenuous and disregards the evidence. Dkt. 19 at 7, 23. Amazon's ergonomic plan outlines a process for identifying, assessing, and implementing controls for abating ergonomic hazards. *See* Dkt. 13-1 at 117-160. Amazon implemented its ergonomic plan at BFI4 before L&I's inspection and, consistent with that plan, adopted various engineering and administrative controls (e.g., Destuff-IT and Restuff-IT conveyors, Safety School Training, WorkingWell Program, etc.). *See* Dkt. 13-1 at 110-115 & 163. L&I simply refuses to accept Amazon's implementation as sufficient abatement. *See* Dkt. 28 at 17. According to L&I's experts, additional "forklifts, motorized pallet jacks, or manual pulled Go Carts" should also be used; the destuffers Amazon installed need to be modified; lifts, if not "replaced with slides," should have "height adjustable bottom[s];" and "vacuum lifts" should be used "to move heavy objects." Dkt. 13-1 at 271-72. L&I's experts also testified that the "[p]rocurement, implementation and installation of [these] control measures" along with "[t]esting, modification, and acceptance" of the same is "***required under the citation***." *Id*. at 274 (emphasis added). It is impossible to read this testimony and conclude that L&I's citation does not require Amazon to implement additional costly engineering controls. Thus, when L&I says it will "accept" implementation of Amazon's ergonomic plan, what L&I really means is that Amazon must draw the same conclusions as L&I and adopt L&I's abatement measures.

### 2. L&I's Arguments Do Not Defeat Amazon's Showing of a Risk of Erroneous Deprivation under the Second *Mathews* Factor.

#### a. Denying a Stay Request Due to Late Employee Notice Increases the Risks of Error.

L&I argues that the automatic denial of an employer's stay request when an employer provides late employee notice poses "no risk" of an erroneous property deprivation. Dkt. 19 at 15-17. But when the Board denies a stay for that reason, it gives no consideration to the complexity of the underlying citation, the merits of the stay request, or the costs of implementing unnecessary abatement measures required by the citation. The Board's policy of refusing to consider the merits of stay requests thus increases the risk in those cases that employers will suffer erroneous property

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

deprivations in the form of unnecessary abatement orders.

### b. The Supposed Safeguards Are Inadequate.

L&I contends that the Board's policy creates no risk of erroneous deprivations because employers can seek equitable tolling, move for reconsideration, or seek a writ of certiorari under RCW 7.16.040. *See* Dkt. 19 at 13-14, 16, 17. These arguments also fail. L&I admitted that equitable tolling is not available in cases like this. Dkt. 10 at 18 n.3. And none of the cited procedures provides constitutionally adequate protections against an erroneous property deprivation. *See* Dkt. 28 at 18-22.

Motions for reconsideration offer no more assistance than equitable tolling, as this case demonstrates. Amazon immediately cured the notice error on June 6, the next business day after it received the Board's denial of its stay request. Dkt. 28 at 12 n. 2. The Board nonetheless denied Amazon's motion for reconsideration on August 8, Dkt. 13-1 at 313-15, even though Amazon's employees received 63 days' notice that Amazon had appealed the Citation and sought a stay of its abatement obligations (substantially more notice than the 46 days they would have received had Amazon posted employee notice on April 18, when it was originally due).

Writs of certiorari under RCW 7.16.040 are also unavailing. As Amazon has previously explained, a writ of certiorari to review a Board's denial of a stay of abatement request is not available, as such decisions are administrative rather than adjudicatory in nature. *See* Dkt. 28 at 19-22 (providing analysis and authority). But even if that were otherwise, L&I cites no authority to support its proposition that the possibility of seeking a writ cures procedural due process violations. Such a holding would upend decades of cases holding that "where the state feasibly can provide a predeprivation hearing before taking property, it generally must do so" regardless of the adequacy of postdeprivation remedies. *Zinermon v. Burch*, 494 U.S. 113, 132 (1990).

### c. WISHA's Stay Procedures Do Not Comport with Due Process.

To avoid the obvious due process implications of WISHA's compressed timeline and truncated procedures for seeking a stay, L&I alleges that "the Board can and has extended the time" for issuing a decision on stay requests, citing to the proceedings in this case and to a different

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

matter involving Alaska Airlines. *See* Dkt. 19 at 5, 20. L&I is incorrect. Although the Board can grant extensions *to file supporting papers*, and did so here, it must issue a decision on a stay request within 45 *working days* of posting a notice of appeal. *See* RCW 49.17.140(5)(c); WAC 263-12-059(3)(a). *See also* Dkt. 28 at 28-29. This "strict statutory timeline" cannot be moved, WAC 263-12-059(5), and L&I provides no evidence to the contrary. In neither the Alaska case nor this one did the Board extend the time for issuing a decision on a stay request. *See* Dkt. 21-1 at 12, 15.[3] And though it is true that the Board granted Amazon's request for a two-week extension to file its supporting materials, such extensions have little ameliorating effect, as L&I still needs time to respond to an employer's submission, and the Board needs time to consider the parties' submissions before the 45 working days expire.

Compounding the problems attendant to this compressed timeline is that L&I's decision to issue Amazon a "serious, willful" citation under the General Duty Clause and order immediate abatement of (unproven) ergonomic hazards is a highly fact-specific, complex, and technical determination that relies heavily on several expert opinions. L&I's decision is therefore one for which a high risk of an erroneous property deprivation exists. Dkt. 12 at 19-21; Dkt. 28 at 24-29. Indeed, L&I has already admitted that one of the abatement measures it identified for Amazon to implement would serve no purpose at BFI4. *See* Dkt. 13-1 at 260.

L&I previously argued in its Motion to Dismiss that WISHA's abbreviated procedures comported with due process because the civil rules applied. *See* Dkt. 10 at 24. L&I appears to have dropped those arguments, apparently conceding, as Amazon argued in its opposition papers, that traditional tools of discovery (e.g., interrogatories, requests for production, requests for admission, and subpoenas) are not available in Washington's stay procedures. Dkt. 28 at 24-30. Under WISHA's compressed timeline, employers have almost no opportunity to probe the basis for the opinions of the government's experts or develop their own evidence in response.

---

[3] In the Alaska case, the Board issued its decision on May 20, 2016, which corresponds to the forty fifth working day after the Board accepted jurisdiction on March 17, 2016. Dkt. 21-1 at 12, 15. In this case, the Board had until June 7, 2022, to issue its decision on Amazon's stay request, which corresponds to the forty fifth working day after the Board accepted jurisdiction on April 4, 2022. Incidentally, the Board issued its decision on May 27, 2022, beating the deadline by three days.

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 7

As explained in Amazon's Motion for Summary Judgment, the Eleventh Circuit in *Tennessee Valley Authority v. Whitman*, 336 F.3d 1236, 1256-58 (11th Cir. 2003) ("*TVA*"), found a "patent violation" of due process under circumstances similar to those presented here. As in *TVA*, WISHA imposes an expedited schedule while "discovery [is] effectively unavailable." *Id.* at 1246. Furthermore, employers "[are] not entitled to any compulsory process" and instead have to rely on "only those documents that the [government] voluntary divulge[s]." *Id.* Thus, even if live testimony and oral argument are not required, as L&I contends (*see* Dkt. 19 at 18), WISHA still denies employers a reasonable opportunity to collect evidence in support of stay requests in violation of the Due Process Clause.

L&I ignores *TVA* entirely, instead emphasizing the possibility of obtaining records through Public Records Act requests under Chapter 42.56 RCW. *See, e.g.*, Dkt. 19 at 5, 19, 24. But as this case shows, that process leaves the scope and timing of L&I's production to L&I's discretion. Amazon submitted its request on March 28, and it took L&I until April 18 to provide some but not all of the data and information requested. Dkt. 13 at 3-4. This left Amazon only two weeks to review L&I's production, assess whether it was complete (it was not), identify the data and information it believed was still missing, and prepare its own expert reports (there was no time or opportunity to probe L&I's experts' conclusions in a deposition or cross-examination). Although Amazon was able to scramble to submit expert reports based on the incomplete information available to it in the limited time available, that does not mean the process was fair or that it comported with minimum due process requirements. Two weeks was insufficient time, given the complexity of the alleged ergonomic hazards at issue.

### 3. L&I's Analysis of the Third *Mathews* Factor Is Also Flawed.

The third *Mathews* factor considers the government's interest and the fiscal and administrative burdens that adopting substitute procedures would entail. 319 U.S. at 335. L&I invokes the importance of protecting public safety and the government's interest in providing employees notice of an appeal. *See*, *e.g.*, Dkt. 19 at 12. These are legitimate government interests, but they are not the only factors to be weighed, and those interests do not defeat Amazon's claims.

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*See generally* Dkts. 12 and 28.

"[I]t is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate (a protected) interest … it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." *Roth*, 408 U.S. at 576-77 (quoting *Bell v. Burson*, 402 U.S. 535, 542 (1971)); *see also Zinermon,* 494 U.S. at 132. This rule applies even when a government is acting pursuant to its police powers to protect public health and safety. *Cf. Mansour v. King County*, 131 Wn. App. 255, 260, 272 (2006) (decision that dog had to be euthanized or removed from the county for exhibiting "vicious propensities" violated due process because the owner could not conduct discovery, issue subpoenas, or cross-examine experts). And for the reasons Amazon has already explained, the hearing provided under WISHA's stay of abatement regimes is not "appropriate to the nature of the case." *See*, *e.g.*, Dkt. 12 at 19-22; 26-28.

L&I tries to avoid these settled principles by claiming "prompt action is required to protect public health safety" and that the government has a compelling interest "in avoiding drawn out proceedings." Dkt. 19 at 13, 14. But L&I also says that "Amazon could receive additional time to comply, with the possibility of over a year to abate." Dkt. 19 at 7. Saying an employer could take up to a year to implement abatement measures is inconsistent with L&I's claim that it needs to act promptly, and if a year's delay is acceptable to L&I, then it can wait until after a hearing on the merits of a citation before imposing the abatement obligations.

In any event, even if "prompt action is required," L&I's argument still fails. L&I can proceed under RCW 49.17.130 instead of RCW 49.17.140 when it needs to impose immediate abatement obligations. Doing so would provide employers more protections against erroneous property deprivation, including prompt superior court review. L&I disputes this, claiming that RCW 49.17.130 does not provide additional protections over RCW 49.17.140 because it authorizes the government to seek a temporary restraining order. Dkt. 19 at 21. But L&I is wrong again. TROs expire in 14 days (Amazon, by contrast, risks a permanent deprivation of protected property), and the TRO process contemplated by RCW 49.17.130 leads to preliminary and,

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

ultimately, permanent injunctions under procedures that afford discovery, presentation of testimony, cross-examination, and oral argument. *See* Wash. Civ. R. 65.

L&I's arguments regarding the fiscal and administrative burdens that it contends would come with different procedures do not tip the balance in L&I's favor. *See* Dkt. 19 at 14, 17-21. WISHA's stay procedures are an aberration. Every other jurisdiction affords more protections against erroneous property deprivations than WISHA, proving that governments can protect public health and safety without trampling on employers' due process rights. *See* Dkt. 12 at 23-24. L&I's argument that it would not be "practical … to have different procedures" for ergonomics cases similarly fails. *See* Dkt. 19 at 21. Because the existing procedures deprive employers of due process, the government can and must adopt better procedures that provide sufficient protection in all cases in which L&I requires pre-hearing abatement.

**C.     L&I's Opposition to Amazon's Facial Challenge Also Fails.**

L&I claims that when considering Amazon's facial challenge, "[t]he Court must consider all employers subject to RCW 49.17.140 and WAC 263-12-059, and all workplace safety cases." Dkt. 19 at 14. L&I misunderstands how courts analyze facial challenges.

Courts routinely recognize that a facial challenge can attack a "subset of applications." *Mwimanzi v. Wilson*, 590 F. Supp. 3d 231, 247, 252 (D.D.C. 2022) (invalidating a subset of search warrants as facially unconstitutional under the Fourth Amendment). This stems from the rule that when assessing facial challenges, courts "consider[] only applications of the statute in which it actually authorizes or prohibits conduct." *City of Los Angeles, Calif. v. Patel*, 576 U.S. 409, 418 (2015). That is, the "proper focus of the constitutional inquiry is [on] the group for whom the law is a restriction, not the group for whom the law is irrelevant." *Id.* (citations and quotation marks omitted).

The relevant subset of applications here includes cases in which an employer appeals a citation under the General Duty Clause ordering immediate abatement of ergonomic hazards and seeks a stay of those abatement obligations. Dkt. 1 at 16; Dkt. 12 at 17. As Amazon has argued at length, no set of circumstances exists in which the process for seeking a stay is constitutionally

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

adequate. *See* Dkt. 12 at 17-24. In response, L&I points to an ergonomic hazard abatement plan at a medical facility that imposed no costs because the facility already owned patient lifts; it just had not yet begun to use them. Dkt. 19 at 11. The problem with this example (and the other examples L&I offers) is that it does not involve the application of the procedures Amazon is challenging in this suit. In L&I's example, there is no indication that the medical center sought but was denied a stay of its abatement obligations. In cases where abatement imposes no cost to the employer, as in L&I's example, it is exceedingly unlikely that the employer would go through the trouble and expense of attempting to litigate the abatement obligation or seek a stay. The situations that L&I posits are "the group for whom the law is irrelevant," *Patel*, 576 U.S. at 418 (citations and quotation marks omitted), and thus do not defeat Amazon's facial challenge.

L&I next offers three examples of cases in which the Board granted a stay as evidence that WISHA's stay of abatement procedures do not deprive employers of a meaningful predeprivation hearing. *See* Dkt. 19 at 18; Dkts. 21-1, 21-2, 21-3. But the fact that the Board sometimes grants stay requests does not render the procedures constitutional. And of the three examples provided, only one—the Alaska Airlines matter—involved ergonomic standards, and that case is irrelevant because the Board granted the stay request because Alaska Airlines was not the employer of affected workers. *See generally* Dkt. 21-1.

**D.    L&I's Response to Amazon's Substantive Due Process Challenge Fails.**

Regarding Amazon's substantive due process claim, L&I argues that "it is not arbitrary to require an employer to pay to correct hazards it created." Dkt. 19 at 26. But here L&I has not yet established that any hazard exists: WISHA imposes an unconstitutional presumption that employers violated the law, denies them an opportunity to prove their innocence, requires that they certify under penalty of criminal liability that the alleged hazards exist, and permanently deprives them of substantial property interests (up to $25 million in this case), before any hearing on the merits of the citation. There is no legitimate government interest served by WISHA's punishment before trial regime. *See* Dkt. 12 at 28-29; Dkt. 28 at 31-32.

L&I argues that it is not unconstitutional to place the burden of proof on a party seeking a

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 11

stay. Dkt. 19 at 26. But, again, that is not Amazon's argument. It is appropriate to place the burden of proof on the party that seeks a stay of a district court's order entered after a meaningful adjudication of the merits of an underlying claim for relief. *See Doe #1 v. Trump*, 957 F.3d 1050 (9th Cir. 2020). But that is not what happens under WISHA's stay of abatement regime. Instead, WISHA deprives employers of property by compelling them to abate unproven ergonomic hazards before the government proves a violation exists and before the employer has a meaningful chance to challenge the citation. And in the abbreviated process that is available, WISHA puts the burden of proof on the employer and not on the government. This is fundamentally unfair and unsupported by a legitimate government interest.

Nor does a rational basis exist for forcing employers to sign the Employer Certification of Abatement form, which requires employers to certify under penalty of criminal liability that hazards exist and that feasible means of abatement exist. Evidence Rule 407 does not protect employers as L&I claims because that rule expressly allows for the admission of such sworn statements both for impeachment and to show feasibility of precautionary measures. *See* Dkt. 28 at 27. Requiring full pre-hearing abatement and a signed certification before a hearing forces employers to cede core defenses and relieves L&I of its burden to prove the elements of its case. *See* Dkt. 12 at 14; Dkt. 28 at 26-27.

In ergonomics cases involving a pre-hearing abatement requirement, WISHA presumes that employers have violated the law, requires that they incur costs to abate alleged hazards, and deprives them of any real opportunity to rebut the presumption. As the Supreme Court observed, "[a] statute creating a presumption that is arbitrary, or that operates to deny a fair opportunity to repel it, violates the due process clause of the Fourteenth Amendment." *W. & A.R.R. v. Henderson*, 279 U.S. 639, 642 (1929). WISHA's stay of abatement procedure does both.

### III. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant Amazon's Motion for Summary Judgment and issue appropriate declaratory relief.

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

| | |
|---|---|
| 1 | DATED this 6th day of January 2023. |
| 2 | DAVIS WRIGHT TREMAINE LLP |
| 3 | *Attorneys for Plaintiff Amazon.com Services LLC* |
| 4 | By: *s/ Harry J. F. Korrell* |
| | Harry J. F. Korrell, WSBA #23173 |
| 5 | Jeffrey B. Youmans, WSBA #26604 |
| | Joseph Hoag, WSBA #41971 |
| 6 | John Hodges-Howell, WSBA #42151 |
| | 920 Fifth Avenue, Suite 3300 |
| 7 | Seattle, WA 98104-1610 |
| | Telephone: 206-757-8080 |
| 8 | Fax: 206-757-7080 |
| | Email: HarryKorrell@dwt.com |
| 9 | Email: JeffreyYoumans@dwt.com |
| | Email: JosephHoag@dwt.com |
| 10 | Email: JHodgesHowell@dwt.com |

REPLY I/S/O PL.'S MOT. SUMM. J.
No. 2:22-cv-01404-JCC- 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax