The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AMAZON.COM SERVICES, LLC., | NO. 2:22-cv-01404-JCC |
| Plaintiff, | |
| v. | DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS |
| JOEL SACKS, in his official capacity as Director of the Department of Labor & Industries of the State of Washington | |
| and | |
| THE DEPARTMENT OF LABOR & INDUSTRIES OF THE STATE OF WASHINGTON | |
| Defendants. | |

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

i

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

1

**TABLE OF CONTENTS**

2 I.  INTRODUCTION..................................................................................................... 1

3 II.  ARGUMENT ........................................................................................................... 1

4   A. Amazon Lacks Standing to Challenge Procedures that Were Never Applied to
     It ...................................................................................................................... 1

5

6   B. Amazon Additionally Shows No Causation or Prejudice from Unapplied
     Procedures........................................................................................................ 2

7   C. The Employee-Notice Requirement Satisfies Procedural Due Process.................... 3

8     1. Amazon's private interest is minimal as it can't show a hardship ................... 3

9     2. There is a strong governmental interest in allowing workers to participate
       in abatement hearings and in protecting workers through abatement ............... 5

10

11     3. The employee-notice requirement satisfies due process as the government
       may have rules about how to access a pre-deprivation hearing ........................ 6

12   D. If Reached, Amazon's Challenge to Non-Notice Stay Procedures Fails as
     Amazon Had an Opportunity to be Heard, Satisfying Due Process .......................... 8

13

14   E. The Facial Claims Fail as Amazon Shows No Due Process Violation in All
     Settings.......................................................................................................... 11

15   F. The Substantive Due Process Claim Fails as It Is Rational to Protect Workers...... 11

16 III.  CONCLUSION ..................................................................................................... 12

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' REPLY TO     ii     ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S RESPONSE TO            LABOR & INDUSTRIES DIVISION
DEFENDANTS' MOTION TO DISMISS          800 Fifth Avenue, Suite 2000
NO. 2:22-CV-01404-JCC             Seattle, WA  98104-3188
                      (206) 464-7740

# I.   INTRODUCTION

Washington prioritizes keeping workers safe and free from injuries. Amazon doesn't even admit the Washington Industrial Safety and Health Act's worth in this regard. Nor does it square its stance with the Washington Constitution, which finds workplace safety a fundamental right. Wash. Const. art. II, § 35; *Martinez-Cuevas v. DeRuyter Bros. Dairy, Inc.*, 475 P.3d 164, 171 (Wash. 2020). These derelictions show a nearly trillion-dollar company's callous approach to safety when it parrots an interest in safety but begrudges spending money to protect workers.

# II.   ARGUMENT

**A.    Amazon Lacks Standing to Challenge Procedures that Were Never Applied to It**

Although Amazon has standing to argue that the employee-notice requirement violates procedural due process, its standing is limited to that issue alone. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), requires an injury to be fairly traceable to the challenged defendant's action. "The constitutional violation actionable under [42 U.S.C.] § 1983 . . . is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). The other procedures didn't deprive Amazon of anything, so there is no standing.

Contrary to Amazon's assertion, *Pakdel v. City & County of San Francisco*, 141 S. Ct. 2226 (2021), does not support its argument. There, the challenged law itself—which required building owners to execute a lifetime lease to occupying tenants—caused the petitioners' injury. *Pakdel*, 141 S. Ct. at 2230. The court allowed a § 1983 claim since the government's decision about the law was final and the petitioners didn't have to exhaust state remedies. *Id.* Here, Defendants aren't arguing that there is no final agency decision or that Amazon had to exhaust its administrative remedies. *Pakdel* allows petitioners to challenge final decisions that injured them. The only such decision here was the Board's enforcement of the employee-notice rules.

*Federal Election Commission v. Cruz*, 142 S. Ct. 1638 (2022), also does not support Amazon's claim. *Cruz* says that even if a party *willingly* incurs an injury "from the application or threatened application of an unlawful enactment" it is still fairly traceable to the

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

1

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

government's conduct. 142 S. Ct. at 1647. But that principle has no bearing here. *Contra* Dkt. 28 at 12. The only "enactment" applied against Amazon was the employee-notice requirement.[1] Amazon can challenge that, and nothing more.

**B.     Amazon Additionally Shows No Causation or Prejudice from Unapplied Procedures**

For the same reasons it lacks standing to challenge stay procedures other than the notice rule, Amazon's challenge to those procedures fails because they did not cause the alleged injury or affect the outcome of the proceeding. *See* Dkt. 19 at 10. Although no exhaustion of remedies is necessary to confer standing, *Pakdel* clarified that action "during the administrative process is relevant to 'evaluating the *merits* of the . . . clai[m].'" 141 S. Ct. at 2231 (alteration in original). In *Pakdel*, the action was a "belated request . . . instead of [a] timely . . . one." *Id.* at 2229. The court can consider the action (late filing) on the merits, so proximate cause and prejudice are dispositive as to non-notice procedures.

Plaintiffs must show three elements to a procedural due process violation: (1) a protected interest, (2) a deprivation of that interest by the government, and (3) a lack of process. *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022). "[T]he Fourteenth Amendment does not require a remedy when there has been no 'deprivation' of a protected interest." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). In a § 1983 action, the plaintiff must show the deprivation was proximately caused by the government's action. *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996); *Est. of Silva*, No. 18CV02282 L (MSB), 2022 WL 17740970, at *5 (S.D. Cal. Dec. 16, 2022). Relatedly, prejudice—a showing that the alleged violation affected the proceeding's outcome—is necessary to show a due process violation. *See Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1490-91 (9th Cir. 1990). Amazon's

---

[1] Amazon fleetingly points to other facilities for standing. Dkt. 28 at 13:7-9. That L&I has cited Amazon for WISHA violations in the past doesn't show injury in fact; it has to be actually occurring or imminent. *Lujan*, 504 U.S. at 560, 564. Amazon has provided no facts other than the old citations related to these facilities; thus providing no facts to show standing. *See* Dkt. 1 at 1-18. It was required to plead essential facts in its complaint. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

2

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

1  claimed deprivation is abatement cost. But the stay was denied because it failed to comply with

2  the employee-notice rules (which were enforced by the Board, not Defendants here). None of

3  the other stay processes caused the denial and, thus, did not prejudice the outcome or

4  proximately cause the alleged injury.

5  **C.      The Employee-Notice Requirement Satisfies Procedural Due Process**

6      Requiring an employer to perfect its motion to stay by notifying its employees satisfies

7  due process under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

8      **1.      Amazon's private interest is minimal as it can't show a hardship**

9      Amazon reiterates well-settled law that money can constitute the property interest

10 necessary to claim a due process violation in the first place. Dkt. 28 at 14-15.[2] But under

11 *Mathews*, the court weighs the relative strengths of the private party's interest and the

12 government's interest, all in light of the adequacy of the procedures. *See* 424 U.S. at 335.

13 Amazon's interest in avoiding the costs (Dkt. 28 at 14-15) is minimal under that analysis.

14     When the private interest at stake is merely financial, its import is limited. *Clancy v. Off.*

15 *of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 600-01 (7th Cir. 2009).

16 Although Amazon tries to minimize this point, it admits that courts find that "[f]inancial

17 deprivations are less troubling." Dkt. 28 at 15 (alteration in original). Amazon agrees that the

18 court weighs "substantial" private interests. *See* Dkt. 28 at 15:22, 24:2-3. To show a substantial

19 private interest in the costs context, a party must have suffered "financial or other hardship from

20 being required to comply with [the government's] procedures." *Jolly v. United States*, 764 F.2d

21 642, 645 (9th Cir. 1985). Amazon fails to cite *Jolly*, which establishes that costs not amounting

22 to a financial or other hardship do not rise to a "substantial" private interest. *Id.*

23     Amazon has provided no evidence that being required to abate hazards caused it any

24 such hardship. And, as a nearly trillion-dollar company, it isn't plausible that Amazon would

25

26      [2] Amazon conflates "property" interest (Dkt. 28 at 18:24-25) with the "private" interest. Different factors
apply as *Mathews* weighs the interest's strength. 424 U.S. at 335.

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

3

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

1    face economic hardship to meet abatement requirements. Indeed, Amazon admits to spending

2    over $300 million on safety aid and $15 billion in COVID worker-safety measures to change

3    the workplace—absorbing costs and operational effects. Dkt. 15 at 2:25-26, 3:1-2, 3:22-24,

4    4:25-26, 5:1-4, 6:20-21. Not to mention outlays in the hundreds of millions of dollars for other

5    priorities. *E.g.*, Sandstrom 3d Decl. Ex. 3 at 7.

6          Amazon raises debunked claims about its costs. First, contrary to Amazon's assertion,

7    L&I was willing to accept Amazon's full implementation of its own ergonomics plan. Dkt. 22 at

8    3:2-3. Amazon curiously admits the plan is to "address[] hazards" but says this has nothing to

9    do with abatement. Dkt. 28 at 17:5-6. Absurd—hazards are what is abated. In any event, the

10   abatement order specified Amazon could use its own plan. Dkt. 11-3 at 5. Amazon claims it

11   already abated the hazards under its plan, but L&I's investigation found otherwise. *E.g.*, Dkt. 22

12   at 3:1-19. Second, Amazon continues to insist that L&I requires "fundamental changes to how

13   Amazon operates." Dkt. 28 at 17:10-11. Amazon quotes an L&I expert but fails to note that the

14   expert listed options in the disjunctive—meaning not all need be applied. *Id.* at 17:11-14

15   ("[T]he physical demands of the work process at BFI4 are so high that only engineering

16   abatements [*e.g.,* new equipment or modifications to existing equipment], reduced work hours,

17   *or* reduced pace of work will lower the risk of injury.") (emphasis added). Equipment changes

18   may work, but aren't mandated. Dkt. 22 at 4:14-19; Goggins 3d Decl. at 2:11-13.

19         Fundamentally, however, Amazon's assertions about the precise costs required to abate

20   are not relevant for this Rule 12(b)(6) motion. There is no dispute that Amazon has neither pled

21   nor presented any hardship from the costs and operational effects of abatement. Under

22   *Mathews*, Amazon's private interest in avoiding costs is thus accorded minimal weight.

23         ///

24         ///

25         ///

26

**2.     There is a strong governmental interest in allowing workers to participate in abatement hearings and in protecting workers through abatement**

In contrast, the government has a strong interest in protecting worker safety, which includes ensuring that workers are given the opportunity to participate in abatement hearings. Under Washington law, employees must receive "an opportunity to participate as parties to hearings" as well as "an expedited review for stay of abatement." RCW 49.17.140(4), (5)(d). Ensuring their participation allows workers to refute claims of safe working conditions and increases the likelihood of a fair and accurate resolution.

Amazon implausibly argues that its late notice would have allowed worker participation while the Board considered its motion for reconsideration. Dkt. 28 at 23. But Amazon posted the notice *after* the Board had already denied its stay motion. It would be reasonable for workers to read RCW 49.17.140 and WAC 263-12-059 to conclude that they could no longer participate. The deadline to present evidence had long passed, and the merits were no longer at issue. Dkt. 11-20 at 2-10. And whether to allow new evidence on a motion for reconsideration would be a discretionary decision. *Est. of Hansen*, 914 P.2d 127, 134 (Wash. Ct. App. 1996). With timely notice, in contrast, workers would have had a nondiscretionary right to produce evidence on safety and risk of harm.

And "the relevant inquiry is not whether a [dismissal] should have been issued in this particular case, but whether the statutory procedure itself is incapable of affording due process." *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318 (9th Cir. 1989). Requiring a date certain to notify workers comports with due process and *reduces* the likelihood of error by ensuring an opportunity for worker participation.[3] The ability of an employer to move for reconsideration does not mean that the Board cannot enforce an employee-notification requirement at the first instance. The governmental interest in ensuring workers' ability to advocate for safety should not hinge on the vagaries of a reconsideration motion.

---

[3] Amazon notes that L&I didn't raise the employee-notice issue at the Board (Dkt. 28 at 18:6-8), but that is not the issue because it is the procedures that are at issue, and the Board properly applied its rules.

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS NO. 2:22-CV-01404-JCC

5

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

Amazon also argues L&I can't show a "special need for very prompt action." Dkt. 28 at 22. But this is not the standard when the plaintiff has a *pre*-deprivation remedy available. Dkt. 19 at 13. Even so, time *is* of the essence in safety cases because abatement protects workers from serious harm, and the issuance of a stay may impose a significant delay on an employer even beginning the abatement process. Dkt. 10 at 16:22-26, 17:1-4; Dkt. 19 at 12:20-25, 13:1-2, 14:6-8. Amazon admits that there is a governmental interest in safety. Dkt. 28 at 32:14.

### 3.    The employee-notice requirement satisfies due process as the government may have rules about how to access a pre-deprivation hearing

Weighing the relevant interests, the employee-notice requirement doesn't impose a risk of erroneous deprivation, and Amazon's four attacks on the employee-notice rules fail. First, Amazon calls the notice law "inflexible," amounting to only a "technical violation[]." Dkt. 28 at 32:20, 17:25-26. But it is commonplace to require notice to be given to all parties and to allow dismissal of actions for failure to comply with notice rules. *E.g.*, Fed. R. Civ. P. 4, 12(b)(2), (5). And a legislature's decisions on this should not be second-guessed. *Soranno's Gasco*, 874 F.2d at 1318; *see Luna v. Holder*, 659 F.3d 753, 760 (9th Cir. 2011) ("[F]ormulation of procedures is left to the discretion of the agencies with responsibility for substantive judgements." (quoting *Johnson v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2007))).[4]

Second, although Amazon tries to distinguish three cases cited by Defendants, these cases establish that setting deadlines and procedures isn't violative. In *Dar-Salameh v. Gonzales*, 468 F.3d 47, 51 (1st Cir. 2006), the court held that "[d]ue process is not offended, however, by the setting and enforcing of time limits within which aliens must act." Amazon says this is a case about whether the government should act (Dkt. 28 at 18:14-19), but the case squarely tackled a party's failure to comply with a process to obtain a hearing. 468 F.3d at 51.

In *Singh v. Gonzales*, 416 F.3d 1006, 1013-14 (9th Cir. 2005), the Ninth Circuit rejected a due process challenge to a rule authorizing summary dismissal for failure to either file a brief

---

[4] Amazon says no law orders timely notice. Dkt. 28 at 18. Bunk. *See* RCW 49.17.140; WAC 263-12-059.

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

6

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

or specify the grounds for appeal. Amazon says it timely filed a brief and specified the grounds for granting relief. Dkt. 28 at 18:5-8. Amazon misses the point. What is salient is that the Ninth Circuit found no violation for adopting reasonable procedural rules. *Singh*, 416 F.3d at 1013-14. Similar to perfecting an appeal by filing a brief, the Board requires employers to perfect a stay motion by certifying employee notice. And *Singh* specified that counsel's "oversight" (like Amazon's proffered excuse that "it immediately cured the oversight" ***after*** the Board decision) doesn't excuse failing to comply. *Id.* at 1014; Dkt. 28 at 18:13; *see also* Dkt. 11-13 at 2:24. Finally, *Singh* stressed that the rule notified the party that failing to file the brief meant dismissal. *Id.* at 1015. Likewise, WAC 263-12-059(4)(c) warns no notice means dismissal.

In *Luna v. Holder*, 659 at 759-60, the Ninth Circuit found no due process violation from enforcing an immigration filing deadline. Amazon notes it filed its stay motion on time and then tried to correct its notice oversight ***after*** the Board ruled against it. Dkt. 28 at 18:9-13. Again, it misses the point. *Luna* relied on *Johnson v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2007), which held the filing deadline was proper under a legislative grant of authority, with the formulation of procedures left to agency discretion. *Johnson* emphasizes that a deadline doesn't eliminate relief; it properly sets a timeframe to seek relief. 478 F.3d at 799-800. *Luna* agreed that due process doesn't permit a party to seek relief "at any time." *Luna*, 659 F.3d at 760.

Third, procedures protect against arbitrariness—*e.g.*, motions for reconsideration or equitable tolling. *See* Wash. Civ. R. 59; *Danzer v. Dep't of Lab. & Indus.*, 16 P.3d 35, 40 (Wash. Ct. App. 2000). *Contra* Dkt. 28 at 19. Amazon points out that it lost on reconsideration[5] and doesn't qualify for tolling. Dkt. 28 at 19:1-17. Not qualifying for a remedy when Amazon wasn't diligent doesn't vitiate the existence of the remedy. Amazon cites no authority to support that due process requires a remedy for negligence, and so this Court should reject the argument. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) (declining to consider arguments unsupported by authority).

---

[5] It did win on reconsideration regarding supplying union information. Dkt. 11-22 at 2.

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

7

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

A statutory writ of review is also available for arbitrary action. RCW 7.16.040. Amazon claims a writ isn't available, alleging there was no judicial or quasi-judicial decision to review. *See* Dkt. 28 at 18-19. Key to the analysis is (1) whether a court could have been charged with making the decision, (2) whether the action is one historically performed by courts, (3) whether the action resembles the ordinary business of the courts instead of legislators or administrators, and (4) whether the action involves applying existing law to facts to determine liability. *Williams v. Seattle Sch. Dist. No. 1*, 643 P.2d 426, 429 (Wash. 1982). The first three elements are satisfied because courts routinely decide stay actions. Dkt. 10 at 21:13-21. And, fourth, stays involve applying law to facts to set liability: namely, the enforceability of abatement.[6]

Finally, Amazon tries to substitute process from RCW 49.17.130. Dkt. 28 at 22:19-20. This law applies to "immediate" threat orders that maybe issued **before** citation issuance. This allows that L&I to go to superior court to obtain immediate relief to avoid delay under an administrative process by waiting for a citation. It is reasonable to have a different procedure at the Board after a citation has already been issued.

**D.    If Reached, Amazon's Challenge to Non-Notice Stay Procedures Fails as Amazon Had an Opportunity to be Heard, Satisfying Due Process**

Even if Amazon had standing to challenge the other stay procedures and could show causation and prejudice, its challenge would nonetheless fail. Procedures comply with due process if there is notice of a claimed violation, an explanation of the government action, and the ability for the employer to tell its side of the story. *See Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001). For abatement, an employer meets with L&I officials who explain abatement, receives the citation and inspection file from L&I, submits briefing and expert declarations, and receives a decision from a neutral decision maker. Dkt. 19 at 17:13-16.

Amazon alleges five problems with L&I's stay of abatement procedures. First, Amazon argues that they don't account for the purported complexity of ergonomics cases. Dkt. 28 at

---

[6] Amazon's focus on a post-deprivation hearing based on the writ is misplaced with the availability of pre-deprivation review. Dkt. 28 at 21-22. But the writ does provide another form of relief.

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS NO. 2:22-CV-01404-JCC

8

ATTORNEY GENERAL OF WASHINGTON LABOR & INDUSTRIES DIVISION 800 Fifth Avenue, Suite 2000 Seattle, WA  98104-3188 (206) 464-7740

1    26:14-15. Amazon neglects to apply the principle of generality. The Court must consider all

2    employers subject to RCW 49.17.140 and WAC 263-12-059, and all workplace safety cases

3    involving abatement of hazards. *See Ingraham v. Wright*, 430 U.S. 651, 680 n.49 (1977).

4    Ergonomics cases are a small subset of such cases and, even so, aren't necessarily complex.

5    Dkt. 20 at 3:20-26; 4:1. Even looking to this case, the stay motion wasn't particularly complex.

6    Goggins 3d Decl. at 1:22-26, 2:1-4. Amazon's theory was it had abated, that L&I had

7    misunderstood its abatement program, and that its workers were safe. Sandstrom 3d Decl. Ex. 1

8    at 2:2-6, 3:10-11, 4:6-9, 17:16-21, 19:3-11; Ex. 2 at 4:1-10, 8:18-26, 9:4-7.

9          Second, Amazon argues that there is no mechanism to compel production of documents.

10   Dkt. 28 at 28:2-3. But employers may receive L&I records through the Public Records Act,

11   RCW 42.56, which the agency must follow. Dkt. 19 at 24. L&I prioritizes sending out WISHA

12   inspection files. Dkt. 27 at 2; Dkt. 27-2. Amazon asked for the records on March 28, 2022, even

13   though L&I issued the citation on March 9. Dkt. 13-1 at 51; Dkt. 11-3 at 2. L&I sent the file on

14   April 13. Dkt. 27 at 2:3-4. Amazon moved for an extension to May 2, voluntarily choosing that

15   date, giving it plenty of time to review the records. Dkt. 11-14 at 2:19. Having timely provided

16   records, there is no due process concern. *See Zinermon*, 494 U.S. at 126 (due process violation

17   only complete unless and until the State fails to provide due process). Amazon claims it needed

18   more raw data. Dkt. 28 at 28. But Amazon didn't mention data was missing before filing its

19   brief. Dkt. 21 at 1:21-26. Nor did the data affect the outcome, so there is no prejudice. Dkt. 19

20   at 25:9-11. And in the end, a claim of failure to follow an available process doesn't invalidate

21   the process itself. *See Soranno's Gasco*, 874 F.2d at 1317-18.

22         Third, Amazon admits that cross-examination and oral argument is not always required.

23   Dkt. 28 at 24:10-11. Many cases concur. *E.g.*, *Pinnacle Armor, Inc. v. United States*, 648 F.3d

24   708, 717 (9th Cir. 2011); *Austin v. Univ. of Or.*, 925 F.3d 1133, 1139 (9th Cir. 2019); *see also*

25   *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1036 (9th Cir. 2012); *Buckingham v.*

26   *Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1082-83 (9th Cir. 2010); *Illinois Com. Comm'n v.*

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

9

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

*Fed. Energy Regul. Comm'n*, 721 F.3d 764, 776 (7th Cir. 2013). All that is required before a deprivation is "notice and opportunity for hearing appropriate to the nature of the case." *Pinnacle*, 648 F.3d at 717 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). In *Pinnacle*, the court approved written submissions with no formal hearing when, as here, the government informed the plaintiff of the action's basis allowing a response. *Id.*[7]

Fourth, Amazon claims the Board couldn't grant a further extension if it asked (it didn't), saying the 45-day deadline is "immutable." Dkt. 28 at 29. The Board can act outside the 45-day deadline (as it did here), which is directory under Washington law as the Board not using the deadline wouldn't invalidate the proceeding. Dkt. 11-19 at 2 (56 days); Dkt. 21-1 at 12-15 (64 days); *see Spokane County ex rel. Sullivan v. Glover*, 97 P.2d 628, 632 (Wash. 1940).

Finally, Amazon argues that the certification of abatement form would force it to admit to a violation. Dkt. 28 at 27. Washington Evidence Rule 407 doesn't permit evidence about remedial measures to a question of liability, and L&I must prove feasibility to show liability. *See SuperValu, Inc. v. Dep't of Lab. & Indus.*, 144 P.3d 1160, 1165 (Wash. 2006). Amazon responds that the rule allows such evidence to be used to show "feasibility of precautionary measures." Dkt. 28 at 27:7-16 (emphasis omitted). But feasibility means something different under the evidence rule. If a defendant makes a change to avoid a risk, such as complying with a law, it doesn't concede that the new change was the preferable one. 2 Federal Evidence § 4:52 (4th ed.). Nor does impeachment apply, as it goes to denying that a certain action took place, otherwise the exception would swallow the rule. *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 468 (7th Cir. 1984). Likewise, the Legislature shows no intent that a stay proceeding should eliminate key defenses in the citation hearing. Searching Board opinions reveals no case applying the abatement certification.[8] Nor does L&I seek to admit such exhibits for this use. Furst 2d Decl. at 1:24-25, 2:1-2. So its use is speculative at best, with no due process concern.

---

[7] Stay actions are common on declarations. Amazon argues this only occurs after a merits hearing at district court. Dkt. 28 at 30:2-10. But stays routinely occur before a full merits hearing. *E.g.*, RCW 34.05.467.
[8] http://www.biia.wa.gov/BoardDecisions.html.

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

10

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

*United States v. Morris*, 957 F.2d 1391, 1403 (7th Cir. 1992) (speculation proves no due process violation).[9]

**E.      The Facial Claims Fail as Amazon Shows No Due Process Violation in All Settings**

       In its facial challenge, Amazon relies on an out-of-circuit district court opinion that it may challenge a subset of cases. Dkt. 28 at 30-31 (citing *Mwimanzi v. Wilson*, 590 F. Supp. 3d 231, 246 (D.D.C. 2022)). But this case incorrectly relied on First Amendment authority, with an inapplicable alternative test. *See Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2387 (2021). The Ninth Circuit requires a plaintiff to show no constitutionally permitted setting. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203 (9th Cir. 2022); *Ballinger v. City of Oakland*, 24 F.4th 1287, 1301 n.8 (9th Cir.), *cert. denied*, 142 S. Ct. 2777 (2022). Amazon doesn't show this. First, a property interest doesn't always exist because there may be no cost for an employer to abate. *See* Dkt. 19 at 10-11. Second, if relevant, not all general duty ergonomic cases are complex. Dkt. 20 at 3:20-26; 4:1. And finally, the as-applied challenge's failure dooms the facial claim as there is one instance where there is no violation. *Ballinger*, 24 F.4th at 1301 n.8.

**F.      The Substantive Due Process Claim Fails as It Is Rational to Protect Workers**

       Amazon's substantive due process challenge fails because it can't show that abatement procedures are arbitrary, with no substantial relation to public health and safety. *Slidewaters LLC v. Dep't of Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021). Amazon points to legislative choices from other jurisdictions and the availability of RCW 49.17.130. Dkt. 28 at 31-32. But these references don't show that Washington's stay procedures themselves have no relationship to safety, they simply reflect the Washington Legislature's policy choice, under the state constitution, to adopt strict safety laws. And Amazon's claim that the abatement procedure forces employers to bear costs without any proof of the need for abatement (Dkt. 28 at 32:12-14) is refuted by the stay procedure itself.

---

[9] Even if the form could be used in Board proceedings, the pre-deprivation hearing gives the employer the chance to contest filing one. This pre-deprivation hearing provides all the process that is due.

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

Amazon cites to cases about punitive damages (Dkt. 28 at 32:6-12), but they are not on point because the costs here are not punitive damages—much less damages paid to L&I. Rather, they are actual costs to achieve safety, and Amazon will own the improvements. And even looking at the punitive damages case law, the government action is judged on whether the amount is "reasonably necessary to vindicate the State's legitimate interests." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568 (1996). The government's interest is in protecting workers. If it costs $25 million (a fact the Defendants dispute) to correct dangerous working conditions, this is a reasonable amount that vindicates L&I's interest in protecting workers. It is a reasonable amount to impose even if L&I doesn't prevail before the Board because it has substantial relation to public health and safety. The key—assuming the punitive damages case law applies (it doesn't)—is disapproval of an amount "grossly excessive" in relationship to governmental interests. *BMW*, 517 U.S. at 568. The government interest here is protecting workers from a lifetime of injuries and pain. Dkt. 22 at 2:25-26. "Several individual claims were for injuries so severe that the affected workers lost more than a year's worth of working days." Dkt. 11-8 at 9:20-21. Worker safety is so important in Washington that its Constitution's framers adopted it as a fundamental right. Wash. Const. art. II, § 35. L&I's procedures appropriately balance the employer's interests with the need to protect that fundamental right.

### III.   CONCLUSION

The Court should grant Defendants' Motion to Dismiss.

///

///

///

///

///

///

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
NO. 2:22-CV-01404-JCC

12

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

1    DATED this 6th day of January, 2023.

2                                    ROBERT W. FERGUSON
                                     Attorney General
3

4                                    *s/ Anastasia Sandstrom*
                                     ANASTASIA SANDSTROM
5                                    Senior Counsel, WSBA No. 24163
                                     BRIAN DEW, WSBA No. 18877
6                                    Assistant Attorney General
                                     KAITLIN LOOMIS, WSBA No. 58145
7                                    Assistant Attorney General
                                     Office of the Attorney General
8                                    800 Fifth Ave., Suite 2000
9                                    Seattle, WA  98104
                                     Tel: (206) 464-7740
10                                   Fax: (206) 587-4920
                                     Email: Anastasia.Sandstrom@atg.wa.gov
11                                   Email: Brian.dew@atg.wa.gov
                                     Email: Kaitlin.Loomis@atg.wa.gov
12                                   Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' REPLY TO                        13              ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S RESPONSE TO                                       LABOR & INDUSTRIES DIVISION
DEFENDANTS' MOTION TO DISMISS                                   800 Fifth Avenue, Suite 2000
NO. 2:22-CV-01404-JCC                                            Seattle, WA  98104-3188
                                                                    (206) 464-7740